**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **G.T.A., Male Juvenile,** <br><br> Defendant. | Criminal No. 24-98 (CVR) |

**ORDER OF DETENTION PENDNG TRIAL**

     On March 14, 2024, Juvenile G.T.A. was charged in a Juvenile Information with one count of carjacking with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Section 2119(1) and 2, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and (2). Docket No. 1. That same day, the United States Attorney W. Stephen Muldrow filed a Certification to Proceed under the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031 et seq, certifying the offenses charged are classified as felony crimes of violence, and there is substantial federal interest in the case to warrant the exercise of federal jurisdiction due to the violent nature of the crime affecting interstate commerce with a firearm. Docket No. 3. U.S. Attorney Muldrow also certified the above-named juvenile was involved in the commission of the charged offenses. Id.

     The Juvenile Information against G.T.A. charges that on or about December 30, 2023, in the District of Puerto Rico, G.T.A., a male juvenile who had at the time not yet reached his eighteenth birthday, committed an act of juvenile delinquency which would have been a crime in violation of Title 18, United States Code, if he had been an adult, all

1

in violation of Title 18, United States Code, Section 5032, to wit: aided and abetted by others, he took from the person or presence of another, a motor vehicle— a 2023 white Toyota Tacoma (license plate 1151064) that had been transported, shipped, and received in interstate or foreign commerce— by force, violence, and intimidation, with the intent to cause death and serious bodily harm (Count 1), and aided and abetted by others, did knowingly use, carry, and brandish firearms during and in relation to a crime of violence, as charged in Count One (Count 2). Docket No. 1.

On March 15, 2024, initial appearance, arraignment, and detention hearing were held in which G.T.A. appeared represented by appointed counsel. The Court was sealed. Counsel explained, and the Government agreed, that G.T.A.'s mother was notified of the juvenile's arrest, of the charges, and of the hearing. But that his mother was unable to attend the hearing and would not be available until next week. Present at the hearing was G.T.A.'s grandfather, Mr. Porfirio Acevedo. Mr. Acevedo and counsel for G.T.A. were present and participated in the interview with the United States Probation Office. Mr. Acevedo was fitted with headphones and was receiving simultaneous interpretation of the proceedings in Spanish. Mr. Acevedo was appointed guardian ad litem for the juvenile (pursuant 18 U.S.C. § 5034) and he confirmed that he understood and agreed with such an appointment. The juvenile entered a plea of not guilty as to the two counts of the information. The Government moved for detention and the juvenile through defense counsel moved for release.

Title 18, United States Code, Section 5034 sets forth the standards for release or detention of a juvenile pending trial. The Magistrate Judge:

> shall release the juvenile to his parents, guardian, custodian, or other responsible party (including, but not limited to, the director of a shelter-care facility) upon their promise to bring such juvenile before the appropriate court when requested by such court **unless the magistrate judge determines, after hearing, at which the juvenile is represented by counsel, that the detention of such juvenile is required to secure his timely appearance before the appropriate court or to insure his safety or that of others**. 18 U.S.C. § 5034 (emphasis added).

The undersigned finds under Section 5034 that the detention of juvenile G.T.A. is required to secure his timely appearance before the appropriate court, and to insure his safety and that of others. The United States Probation Office recommended detention of G.T.A. The juvenile is a danger to the community based on the nature of the charged offenses, as described in the affidavit of the Juvenile Information. The affidavit also indicates that there is evidence that the juvenile was found in possession of controlled substances and 49 rounds of ammunition. And that there are photographs and videos of the juvenile with the white AK-47 style rifle used at the carjacking. During the hearing, the Government presented evidence of such photographs and videos. The Government also presented evidence of admissions made by G.T.A. that substantiate his involvement in the carjacking. The Government also presented written statements purportedly made by the juvenile (in his cellular phone) stating that he has carried out at least four murders and would likely engage in other violent behavior. G.T.A. is also a risk of flight. Pursuant to the affidavit submitted with the information, G.T.A. and others involved in the carjacking fled, first by car and then on foot, to evade apprehension by law enforcement.

Juvenile G.T.A. is thus ordered detained. He is to be committed to the custody of the Attorney General or his designated representative for confinement in a juvenile institution where he is to be kept in compliance with the requirements of Title 18, United States Code, Sections 5035 and 5039. G.T.A. is to be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility is to deliver the juvenile G.T.A. to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.
In San Juan, Puerto Rico, this 15th day of March 2024.

s/ Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge